# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

November 27, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*[*]

JOHN DANIEL TINDER, *Circuit Judge*

Nos. 10-1974 & 10-2064

| | |
|---|---|
| ANDY THAYER, et al., | Appeals from the United States |
| *Plaintiffs-Appellants,* | District Court for the |
| | Northern District of Illinois, |
| *v.* | Eastern Division. |
| | |
| RALPH CHICZEWSKI, et al., | Nos. 1:07-cv-01290 & 1:07-cv-1406 |
| *Defendants-Appellees.* | |
| | **John W. Darrah,** |
| | *Judge.* |

## O R D E R

We issued our decision in this case on September 18, 2012, affirming the district court's entry of summary judgment in favor of the defendants on Bradford Lyttle's false arrest and malicious prosecution claims, on Lyttle's and Andy Thayer's First Amendment retaliation claims, and on Thayer's class-of-one equal protection claim. We also dismissed Lyttle's facial challenge to subsection (d) of Chicago's disorderly conduct ordinance, Chicago Municipal Code, Ill. § 8-4-010(d), holding that the claim was mooted by our recent opinion in *Bell v. Keating*, 697 F.3d 445 (7th Cir. 2012), which partially invalidated subsection (d) on overbreadth

---

[*]Circuit Judge Evans died on August 10, 2011, and did not participate in the decision of the Petition for Rehearing, which is being resolved by a quorum of the panel under 28 U.S.C. § 46(d).

and vagueness grounds. *See Thayer v. Chiczewski*, 697 F.3d 514 (7th Cir. 2012). However, Lyttle filed a petition for panel rehearing, contending that by affirming the district court's judgment in its entirety, we inadvertently disposed of his claim against the City of Chicago for damages for enforcement of Chicago Municipal Code, Ill. § 8-4-010(d) as an unconstitutional policy. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). He asks that we remand to the district court for entry of judgment in his favor on his *Monell* claim and a trial limited to damages. Conceding that municipal corporations, like the City, are not entitled to qualified immunity, the defendants agree that we should address Lyttle's *Monell* claim but they maintain that the request for a trial on damages is premature. Lyttle has moved for leave to file a reply in support of his petition for rehearing; that motion is **granted**.

*Bell* did not invalidate subsection (d) "to the extent that it legitimizes dispersal when three or more people are engaged in disorderly conduct likely to cause 'substantial harm,'" 697 F.3d at 463–64, and we did not decide whether the officers had probable cause to arrest Lyttle, *Thayer*, 697 F.3d at 527 (finding *"arguable* probable cause to order dispersal and arrest Lyttle"). Thus, we overlooked Lyttle's *Monell* claim against the City and it will need to be addressed in the first instance in the district court. However, a trial on damages only would be premature; the question of liability must be considered and, as the City points out in its response to the petition for rehearing, if the officers had probable cause to arrest Lyttle for a violation of the valid portion of subsection (d), Lyttle suffered no constitutional violation. Accordingly, the petition for panel rehearing is **granted** and our slip opinion issued September 18, 2012, is amended as follows:

● The second sentence of the first paragraph of the opinion is amended to read: "The plaintiffs brought claims against both the City under *Monell v. Department of Social Services* and the arresting officers under Section 1983 for First Amendment retaliation, Fourth Amendment false arrest, Fourteenth Amendment class-of-one equal protection, and state law malicious prosecution."

● The last sentence of the first paragraph of the opinion is amended to read: "The district court granted summary judgment and we affirm in part on the basis of qualified immunity."

● The fourth sentence of the second paragraph of the opinion is amended to read: "We affirm the grant of summary judgment in favor of the defendant officers; we do so, however, on the basis of qualified immunity."

● The last sentence of the second paragraph of the opinion is omitted and a new sentence is added in its place, which reads: "However, Lyttle also asserts a claim that the City violated his constitutional rights by the enforcement of subsection (d), that is, as a policy. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). A remand will be

required for resolution of that claim only."

●     On page 24, the last sentence of the first paragraph is amended to read: "Accordingly, we affirm the district court's entry of summary judgment in favor of the defendant officers on Lyttle's false arrest and malicious prosecution claims. But Lyttle's *Monell* claim against the City, which is not entitled to qualified immunity, remains. *See Owen v. City of Independence*, 445 U.S. 622, 638 (1980)."

●     On page 36 immediately preceding the Conclusion section, the following paragraph is inserted:

But the mootness of the facial challenge to subsection (d) does not dispose of Lyttle's *Monell* claim against the City. Although *Bell* invalidated a portion of the disorderly conduct ordinance, it left the rest untouched, and the City asserts that there was probable cause for the arrest of Lyttle under the valid portion of the ordinance. In finding the ordinance as a whole to be constitutional, the district court did not need to reach this question. Therefore, Lyttle's *Monell* claim will be remanded for further proceedings.

●     On page 36, the Conclusion section is amended to read:

We **AFFIRM** the district court's entry of summary judgment in favor of the defendant officers on Lyttle's false arrest and malicious prosecution claims. We **AFFIRM** the entry of summary judgment in favor of all defendants on Lyttle's and Thayer's First Amendment retaliation claims and on Thayer's class-of-one equal protection claim. We **DISMISS** Lyttle's facial challenge to subsection (d) as moot. Lyttle's *Monell* claim against the City is **REMANDED** to the district court for further proceedings consistent with this opinion.